UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA A. WASHINGTON,

                         Plaintiff,

              -against-

CVS PHARMACY INC.; WSC OF NY, INC.;
and ALL FRONTS INS.,

                        Defendants.

24-CV-6456 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action invoking the Court's federal question jurisdiction. She alleges that the events giving rise to her claims occurred on January 13, 2024, at a CVS Pharmacy located in New York City. Named as Defendants are CVS Pharmacy Inc., WSC of NY Inc., and All Fronts Insurance. By order dated September 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the complaint, with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint.[1] On January 13, 2024, an incident occurred between Plaintiff and a security guard at a CVS Pharmacy location in New York City. Plaintiff does not describe the incident in the complaint. In the injury section of the complaint she writes, "N/A," and in the relief section, she writes, "in negotiation." (ECF 1, at 6.)

Attached to the complaint are the following four exhibits: (1) a July 15, 2024 letter from Plaintiff to All Fronts, in which she confirmed that she was proceeding *pro se* and understands that All Fronts could not provide her with legal advice; (2) a July 15, 2024 proof of delivery of an unspecified item – possibly the July 15, 2024 letter – mailed by United Parcel Service ("UPS") to an address that corresponds with Defendant All Fronts; (3) a UPS shipping receipt, also dated July 15, 2024; and (4) a March 21, 2024 letter from Sedwick Claims Management Services, informing Plaintiff that WSC of NY is the company "responsible for the actions of the security guard at 1619 Broadway New York, NY. 10019," and that WSC of NY would be "turn[ing] the matter over to their insurance company," All Fronts, "to conduct their investigation," (*id.* at 12).

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. To comply with the Rule, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not comply with Rule 8 because she alleges no facts describing Defendants' conduct and how such conduct violated her rights under either state or federal law. Although it appears that an incident occurred at a CVS Pharmacy involving a security guard, Plaintiff does not name that security guard as a defendant or state any facts suggesting that the individual violated her rights. As for the named defendants, the complaint suggests only that Plaintiff and All Fronts Insurance agreed to negotiate, presumably for the purposes of settling Plaintiff's claim regarding the events that trasnspired at the CVS Pharmacy. The complaint does not suggest, however, that CVS Pharmacy, WSC of NY, or All Fronts violated her rights. The Court therefore dismisses Plaintiff's claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint. Any amended complaint Plaintiff files must comply with Rule 8's requirement that it include a short and plain statement showing that she is entitled to relief against each named defendant. Plaintiff should state facts describing how each named defendant violated her rights.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

3

**PRO SE LAW CLINIC**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

A City Bar Justice Center flyer is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    May 27, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                 _____
                                      LAURA TAYLOR SWAIN
                                    Chief United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794**, leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:


**Counseling** about potential federal claims prior to filing suit


Consulting on **discovery** matters


**Interpreting and explaining** federal law and procedure


Assisting with the **settlement** process (including **mediation**)


**Reviewing drafted pleadings** and correspondence with the Court